UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAVAGE AXIS RIFLE, CALIBER 7-08 BEARING SERIAL NUMBER N426137 AND SAVAGE AXIS RIFLE, CALIBER 30-06 BEARING SERIAL NUMBER K748688,<br><br>Defendant. | Civil Action No. 1:25-cv-1607 (MAD/PJE) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America (the Plaintiff) brings this verified complaint for forfeiture *in rem* against the above-captioned firearms (the Defendant Firearms) and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action *in rem* brought pursuant to 21 U.S.C. § 881(a)(11), 18 U.S.C. § 924(d), and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States is seeking to forfeit the Defendant Firearms as they have been involved in offenses in violation of 21 U.S.C. § 841.

2. 21 U.S.C. § 881(a)(11) provides for the forfeiture of "[a]ny firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property and any proceeds traceable to such property." 18 U.S.C. § 924(d) provides for the forfeiture of "[a]ny firearm used or intended to be used to facilitate the manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance."

## THE PARTIES

2. The Plaintiff is the United States of America.

3. The Defendant Firearms are a Savage Axis rifle, caliber 7-08 bearing serial number N426137 and a Savage Axis rifle, caliber 30-06 bearing serial number K748688.

4. The Defendant Firearms are presently in the Plaintiff's custody.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 & 1355.  Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States."  Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."

6. This Court has *in rem* jurisdiction over the Defendant Firearms and venue is properly situated in this district pursuant to 28 U.S.C. § 1355(b), which provides that a forfeiture action or proceeding "may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."

7. Venue is also properly situated in this district pursuant to 28 U.S.C. § 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."

## FACTS

8. Justin Zimmer was the subject of a firearms and narcotics trafficking investigation involving multiple agencies.

9. On October 25, 2023, members of the Drug Enforcement Administration, Bureau of Alcohol, Tobacco, Firearms and Explosives, New York City Police Department, and Troy Police Department approached Zimmer at his residence in Wynantskill, New York in an attempt to interview him. Zimmer denied having any knowledge of firearms trafficking or narcotics distribution.

10. When Zimmer was asked if he had any illegal firearms in his possession, he turned over a red and black Polymer 80 personally made firearm (PMF). Zimmer denied knowing anything about the distribution of other firearms himself but gave the name of another individual who had recently been arrested in Watervliet for selling PMFs.

11. The investigation into Zimmer continued and on April 23, 2024, Zimmer was indicted in the United States District Court for the Northern District of New York in criminal case *U.S. v. Justin Zimmer*, case number 1:24-cr-00209 (MAD) for three counts of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C).

12. On March 25, 2025, Zimmer pled guilty to Count III in the indictment, which charged him with distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

13. On July 15, 2025, in a "safety valve" proffer session, agents asked Zimmer about a suspected short-barreled rifle that Zimmer had previously shown an undercover agent. Zimmer said that the weapon was at the house of his sister-in-law, Nicole Nicholson, in Watervliet. The next day, agents visited Nicholson and said that they wished to retrieve property that Zimmer had left at her house before he was incarcerated.

14. Nicholson confirmed Zimmer had left a few items at her residence and allowed the agents into the apartment.

15. Nicholson gave the agents a Savage Axis rifle caliber 7-08 bearing serial number N426137 and a Savage Axis rifle caliber 30-06 bearing serial number K748688 (the Defendant Firearms), along with other firearms parts and accessories, including the suspected short-barrelled rifle. The Defendant Firearms were seized and taken into custody.

16. On August 21, 2025, Nicholson's sister, Heather Nicholson, filed a claim form in respect of the Defendant Firearms. Although she seeks "financial compensation," Heather Nicholson does not claim that she is or was the owner of the Defendant Firearms, and concedes that the Defendant Firearms were not seized from her residence.

## **CONCLUSION**

17. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Firearms to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the Defendant Firearms to be forfeited and condemned to the use and benefit of the Plaintiff; and

(4) Award such other and further relief to the Plaintiff as it deems just and proper.

Dated: November 14, 2025

                                              JOHN A. SARCONE III
                                              Acting United States Attorney

By:                                        _____
                                              Nicholas Walter
                                              Assistant United States Attorney
                                              Bar Roll No. 706029

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF ALBANY )

Jason Sherman, being duly sworn, deposes and states:

I am the Resident Agent in Charge with the Bureau of Alcohol, Tobacco, Firearms and Explosives. I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon personal knowledge and information received from other law enforcement officers.

Dated this 12 day of November, 2025.

_____
Jason Sherman, Resident Agent in Charge
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to and subscribed before me this 12th day of November, 2025.

_____
Notary Public

RAYMOND P BUSHLEY JR
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU6380825
Qualified in Herkimer County
Commission Expires 09/17/2026