UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                          Plaintiff,

        vs.                                          1:25-CV-1607
                                                     (MAD/PJE)
SAVAGE AXIS RIFLE, CALIBER 7-08 BEARING
SERIAL NUMBER N426137 and SAVAGE
AXIS RIFLE, CALIBER 30-06 BEARING SERIAL
NUMBER K748688,

                          Defendants.

---

APPEARANCES:                        OF COUNSEL:

OFFICE OF THE UNITED                NICHOLAS C.E. WALTER, AUSA
STATES ATTORNEY                     JEFFREY BROWN, AUSA
445 Broadway, Room 218
Albany, New York 12207
Attorneys for the Government

OFFICE OF BRIAN W. DEVANE           BRIAN W. DEVANE, ESQ.
125 Adams Street
Delmar, New York 12054
Attorney for Defendants

Mae A. D'Agostino, U.S. District Judge:

### MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

On November 14, 2025, the United States of America (the "Government") filed a verified complaint for forfeiture *in rem* against Defendant Firearms, a Savage Axis rifle, caliber 7-08 bearing serial number N426137 and a Savage Axis rifle, caliber 30-06 bearing serial number K748688 (the "Firearms"). *See* Dkt. No. 1. The Government filed a warrant that same day. *See* Dkt. No. 2. The warrant was returned as executed on November 20, 2025. *See* Dkt. No. 5. On

1

December 22, 2025, the Government filed a Declaration of Publication affirming public notification about the pending forfeiture action. *See* Dkt. No. 6. The last publication date was December 18, 2025, and the last day to file a claim was January 18, 2026. *See id.*

On January 30, 2026, after no claims had been filed, the Government filed a request for a Clerk's Entry of Default, *see* Dkt. No. 7, which was granted, *see* Dkt. No. 8. The Government field a motion for default judgment on February 11, 2026. *See* Dkt. No. 9.

On February 24, 2026, Brian W. Devane, Esq. filed a letter asking for an extension of time to file an opposition to the Government's motion. *See* Dkt. No. 12. The Court granted the request, *see* Dkt. No. 13, and on April 13, 2026, Mr. Devane filed an affidavit in opposition to the default judgment motion. See Dkt. No. 15. In his opposition, Mr. Devane seeks leave to file a late answer to the Government's complaint. *See id.*

The Court construes the request to file a late answer as a motion to lift the entry of default. *See United States v. Starling*, 76 F.4th 92, 99-100 (2d Cir. 2023). For the reasons that follow, the request to file a late answer is granted and the motion for default judgment is denied.

## II. BACKGROUND

As alleged in the Government's complaint, Justin Zimmer was indicted on April 23, 2024, on three counts of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C). *See* Dkt. No. 1 at ¶ 11; *see also United States v. Zimmer*, 1:24-CR-209, Dkt. No. 1 (N.D.N.Y). Zimmer pled guilty to one of the three counts on March 25, 2025. *See* Dkt. No. 1 at ¶ 12. The Government attests that "[o]n July 15, 2025, in a 'safety valve' proffer session, agents asked Zimmer about a suspected short-barreled rifle that Zimmer had previously shown an undercover agent." *Id.* at ¶ 13. "Zimmer said that the weapon was at the house of his sister-in-law, Nicole Nicholson, in Watervliet. The next day, agents visited Nicholson and said

2

that they wished to retrieve property that Zimmer had left at her house before he was incarcerated." *Id.* Ms. Nicholson gave them the Firearms. *See id.* at ¶¶ 14-15.

In his opposition, Mr. Devane explains that, as of the date he filed the affidavit, he represented Zimmer in the criminal action. *See* Dkt. No. 15 at 1, ¶ 1. He states that "[s]ervice of the Verified Complaint for Forfeiture In Rem was made upon [his] predecessor . . . and further by last publication date of December 18, 2025 . . . ." *Id.* at ¶ 3. Mr. Devane avers that by mere oversight, he failed to file a request for additional time to file a claim in this case because he was seeking adjournments and "getting up to speed on 24-cr-209[.]" *Id.* at 2, ¶ 9. He also argues that forfeiture of the Firearms would be inappropriate because the Government did not satisfy its burden to relate the Firearms to drug trafficking crimes. *See id.* at 2-4, ¶ 11.

Mr. Devane was appointed to represent Zimmer in the criminal matter on December 15, 2025. *See Zimmer*, 24-CR-209, Dkt. No. 74. He requested adjournments in that case on January 12, February 5, and March 26, 2026. *See id.*, Dkt. Nos. 75, 77, 79. The Court granted each of those requests. *See id.*, Dkt. Nos. 76, 78, 80. As of the date of this decision, Zimmer is proceeding pro se in the criminal matter after having been represented by five different attorneys. Zimmer filed a motion to withdraw his guilty plea which is pending before the Court. *See id.*, Dkt. Nos. 61, 83.

### III. DISCUSSION

"Forfeiture is government confiscation of private assets." *United States v. Elias*, 154 F.4th 56, 62 (2d Cir. 2025) (citing *United States v. Contorinis*, 692 F.3d 136, 146 (2d Cir. 2012)). "Forfeiture can happen either in a civil or a criminal proceeding." *Id.* (citing *Contorinis*, 692 F.3d at 146; *United States v. Bajakajian*, 524 U.S. 321, 332 (1998)). "In a civil forfeiture proceeding, the government 'brings a civil action against the property itself as an *in rem* proceeding' to seize

3

property tainted by criminal activity." *Id.* (citations and footnote omitted). "In civil forfeiture, the government may take property connected to criminality, even if the property's current owner or possessor is not guilty of any crime." *Id.* (citing, *inter alia*, *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 664-68, 690 (1974)); *see also United States v. Bonventre*, 720 F.3d 126, 132 (2d Cir. 2013) ("A civil forfeiture action is an action *in rem*, and therefore is based solely on the origin of the property, 'not . . . upon the culpability of the owner'") (citations omitted).

"'*In rem* forfeiture actions are governed by Rule G of the [Supplemental Rules] and the Civil Asset Forfeiture Reform Act of 2000,' 18 U.S.C. § 981 et seq." *United States v. Assorted Jewelry VL: $39,100.00*, No. 23-CV-1435, 2024 WL 3827668, *3 (N.D.N.Y. Aug. 15, 2024) (quoting *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014)). "'The Federal Rules of Civil Procedure also apply to [forfeiture *in rem*] proceedings except to the extent that they are inconsistent with the[ ] Supplemental Rules.'" *Id.* (quoting Supp. R. A(2)). "Once the government has commenced a forfeiture *in rem* action, a claimant 'who asserts an interest in the [subject property] may contest the forfeiture by filing a claim in the court where the action is pending.'" *Id.* at *4 (quoting Supp. R. G(5)(a)(i)). "The claimant must file their claim 'not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.'" *Id.* (quoting 18 U.S.C. § 983(a)(4)(A); citing Supp. R. G(5)(a)(ii)). "'A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim.'" *Id.* (quoting Supp. R. G(5)(b)). "However, '[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.'" *Id.* (quoting 18 U.S.C. § 983(a)(3)(D)). "'[I]f the Government's

theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.'" *Id.* (quoting 18 U.S.C. § 983(c)(3)).

Pursuant to Rule 55 of the Federal Rules of Civil Procedure "default judgment begins with a motion by a party demonstrating that the non-movant has 'failed to plead or otherwise defend.'" *Starling*, 76 F.4th at 98 (quoting FED. R. CIV. P. 55(a)). "Once that motion is granted, the clerk of court enters a default." *Id.* "After default has been entered, the movant must apply for the entry of default judgment—a final adjudication of the claims—which process may entail factfinding or hearings by the district court to establish remedies or quantum." *Id.* (citing FED. R. CIV. P. 55(b); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (per curiam)). "Rule 55 sets out alternative standards that a defaulting party must satisfy in order to resist this process." *Id.* "If the missing party appears when the clerk of court has entered default but before final judgment has been entered, the district court 'may set aside' the entry of default 'for good cause.'" *Id.* (quoting FED. R. CIV. P. 55(c)).

"[W]hen . . . a claimant with Article III standing seeks to file an untimely claim against seized assets after default has been entered but before default judgment has been granted, district courts should apply the 'good cause' standard." *Id.* at 102. "[T]he good cause standard considers three factors: (i) the willfulness of the defaulting party, (ii) prejudice to the non-movant, and (iii) whether the defaulting party has a meritorious defense." *Id.* (citing *Meehan*, 652 F.2d at 277). "While excusable neglect penalizes negligent parties for failing to prosecute their cases, the good cause standard attaches consequences only to bad faith or tactical violations of court orders." *Id.*

(citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991); *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).

Here, the Government alleges that the Firearms are subject to forfeiture under 21 U.S.C. § 881(a)(11), which provides for the forfeiture of "[a]ny firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property . . . and any proceeds traceable to such property."  Dkt. No. 1 at ¶ 2.  "[T]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture[.]"  18 U.S.C. § 983(c)(1).

The Court will permit the filing of the belated answer that challenges the Government's allegations because Mr. Devane's failure to file a timely answer does not appear to be willful, there is no prejudice to the Government if the Court permits the belated answer to be filed, and Zimmer has an arguably meritorious defense to the complaint.

"[M]ere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' . . . ."  *Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998). "When considering whether a claimant's neglect is excusable, a court considers four factors: 'the danger of prejudice to the non-movant, the length of the delay and its impact on proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"  *United States v. $3,093.25 in U.S. Currency*, No. 1:25-CV-332, 2025 WL 3228076, *4 (N.D.N.Y. Nov. 19, 2025) (quoting *United States v. $541,395.06 U.S. Currency*, No. 10-CV-6555, 2012 WL 3614294, *3 (W.D.N.Y. Aug. 21, 2012)); *see also Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

Mr. Devane explains that during the time in which he was supposed to file an answer in this case, he was "prioritizing getting up to speedy on 24-cr-209[.]"  Dkt. No. 15 at 2, ¶ 9.  By the

6

time Mr. Devane was appointed to represent Defendant, the criminal action had been pending for nearly two years, Zimmer had already been represented by three attorneys, and Zimmer had pled guilty but indicated a desire to withdraw his guilty plea. Mr. Devane actively sought multiple adjournments in that case to give him time to review discovery and speak with his client. The Court finds no bad faith in his inadvertence to filing a timely answer in this case.

Additionally, the Government has not requested to respond to Mr. Devane's affidavit seeking leave to file the late answer. Therefore, "the [G]overnment has made no effort to show its interests would be harmed by having to defend a forfeiture suit against a claimant it knew of from the beginning." *Starling*, 76 F.4th at 102.

On the Court's own review of the docket, prejudice is not evident. The criminal matter is not complete; there is a pending motion by Zimmer to withdraw his guilty plea. If that motion is granted, the Court cannot be certain how long the case will remain open. If that motion is denied and the case proceeds to a sentencing hearing, Zimmer has made numerous objections to the Probation Department's discussion of firearms in his Final Presentence Investigation Report. Although this civil forfeiture action is not dependent on the criminal case, the pendency of the criminal case and Zimmer's challenges to his possession or use of firearms supports the Court's conclusion that letting this case continue will not prejudice the Government.

On the issue of a meritorious defense, there is nothing in the civil forfeiture complaint tying the Firearms to any transportation, sale, receipt, possession, or concealment of controlled substances. The complaint alleges that when Mr. Zimmer was interviewed by law enforcement agents on October 25, 2023, he "was asked if he had any illegal firearms in his possession, he turned over a red and black Polymer 80 personally made firearm (PMF)." Dkt. No. 1 at ¶ 10. Then, "[o]n July 15, 2025, in a 'safety valve' proffer session, agents asked Zimmer about a

7

suspected short-barreled rifle that Zimmer had previously shown an undercover agent. Zimmer said that the weapon was at the house of his sister-in-law, Nicole Nicholson, in Watervliet." *Id.* at ¶ 13. Agents recovered the Firearms from Ms. Nicholson's home. *See id.* at ¶¶ 14-15. These allegations, standing alone, do not seem to support a finding by a preponderance of the evidence that Zimmer used or intended to use the Firearms to facilitate trafficking of controlled substances. *Compare United States v. One Smith & Wesson, Model M&P 15 Rifle, .223 Caliber, Rifle with Mag., Bearing Serial No. ST54016*, No. 2:19-CV-09284, 2020 WL 4372124, *2 (C.D. Cal. Mar. 26, 2020) ("[The] Plaintiff alleges that the defendant firearms were seized during the execution of federal search warrants as a result of their connection to the documented drug trafficking activities . . . . Accordingly, the Court finds that [the] forfeiture claim under 21 U.S.C. § 881(a)(11) as to the defendant firearms is sufficient"). At this stage, the Court concludes Zimmer has presented a potentially meritorious defense to the complaint.

Because Mr. Devane was actively involved in the criminal matter during the time the answer needed to be filed in this case, the Government has not argued that it will suffer any prejudice by allowing the answer to be filed, and it appears that Zimmer may have a meritorious defense to the forfeiture complaint, the Court will permit the filing of the belated answer. *See Starling*, 76 F.4th at 103. In turn, the motion for default judgment must be denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that the Government's motion for default judgment (Dkt. No. 9) is **DENIED**; and the Court further

**ORDERS** that Defendants' request to file a belated answer (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall file the proposed answer filed at Dkt. No. 15-1 separately on the docket as Defendant's answer; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Justin Zimmer at Albany County Correctional Facility, 840 Albany Shaker Road, Albany, NY 12211.

**IT IS SO ORDERED.**

Dated: July 30, 2026
         Albany, New York

Mae A. D'Agostino
U.S. District Judge